**In re Toni Lee DAVIS, Debtor.**

**Toni Lee DAVIS, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 88–02974–N–B.
Adv. No. 90–2198–B.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Feb. 20, 1991.

### ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

This cause came to be heard on November 30, 1990, upon Debtor/Plaintiff's Complaint requesting that the Internal Revenue Service (IRS) be held in contempt and/or that attorney's fees, compensatory and punitive damages be assessed against the IRS for the IRS' repeated violations of the auto-

matic stay provisions of 11 U.S.C. Section 362.

At trial, the uncontroverted evidence was that, after the filing of Debtor's bankruptcy petition on September 23, 1988, the IRS filed a garnishment against Debtor on August 3, 1988, a Notice of Federal Tax Lien on or about March 28, 1990, and attached Debtor's 1989 tax refund on or about the month of May, 1990, despite the fact that the IRS had numerous written and verbal notices of the Debtor's bankruptcy filing. Each of these three actions violated the automatic stay provisions of 11 U.S.C. Section 362.

The IRS stipulated that it had violated the automatic stay and argued that the United States has sovereign immunity from a claim for damages in this case. The IRS also argued that the circumstances of this case did not warrant a finding of punitive damages, as have been awarded in a case involving violence against the Debtor. The Debtor argued that the IRS is not immune from sanctions and that the IRS' repeated collection actions constituted an egregious violation of the law and warranted the imposition of sanctions including compensatory and punitive damages and an award for attorney's fees.

The Court found no merit in the IRS' claim of sovereign immunity, finding that Congress has provided that the IRS is deemed to have waived sovereign immunity under the provisions of 11 U.S.C. Section 106 in matters involving breaches of the automatic stay and that the Court can impose sanctions for violations. The Court also found that lack of willfulness in a violation of the stay is not a defense, that the IRS violated the automatic stay with reckless disregard, and that the IRS is in contempt of Court for having done so. The IRS was ordered enjoined from proceeding against the Debtor in any way. Additionally, the IRS was ordered, through its proper officer, to issue a "clean letter" to the Debtor stating that the Debtor is a taxpayer in good standing and does not have tax problems with the IRS. The letter was also to include an apology.

The IRS objected to providing Debtor a "clean letter" except to the extent it relates to the payment of Debtor's outstanding tax liabilities under the Chapter 13 plan. The Court noticed counsel that the matter would be set for reargument and re-decision.

On January 29, 1991, this cause came to be heard for reargument and re-decision. Debtor's uncontroverted evidence was that she incurred $475.00 in compensatory damages and $700.00 in attorney's fees due to the IRS' violations of the automatic stay and the protracted litigation which resulted. The IRS argued that the violations were corrected before the filing of the complaint and that the Debtor was not injured within the meaning of existing case law as there was no threat to her or assault on her.

The Court found that there were acknowledged violations of the automatic stay and that the IRS' actions in this case were done in utterly reckless disregard of the stay. The Court found that the actions of the IRS constituted an assault upon the benefits to which Debtor was entitled under the United States Code, the fact that the violations were rectified does not excuse what has transpired and that sanctions are appropriate, and

It is ORDERED that the IRS is enjoined from proceeding against the Debtor; and

It is further ORDERED that the IRS shall pay to debtor the uncontroverted amounts of $475.00 compensatory damages plus $700 as attorney's fees; and

The Court finding that this is an egregious matter; an assault against the Debtor's entitlement to benefits under the United States Code;

It is ORDERED that Debtor is awarded $3,525 in punitive damages, for a total of $4,700 in favor of Debtor against the Internal Revenue Service.